# EXHIBIT A


**CSC**

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 17252667**
**Date Processed: 10/12/2017**

**Primary Contact:** Melissa Vandenberg
Winco Foods, LLC
650 N Armstrong Place
Boise, ID 83704

| | |
|---|---|
| **Entity:** | Winco Foods, LLC |
| | Entity ID Number  2251203 |
| **Entity Served:** | Winco Foods, LLC |
| **Title of Action:** | Alfred Johnson vs. Winco Foods, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | San Bernardino County Superior Court, California |
| **Case/Reference No:** | CIVDS 1716405 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/10/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Robert Drexler |
| | 310-556-4811 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**COPY**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 2 3 2017

BY _Sandra Ortega_
SANDRA ORTEGA/DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WINCO FOODS, LLC, a Delaware limited liability company; WINCO
HOLDINGS, INC., an Idaho corporation; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALFRED JOHNSON, individually, and on behalf of other members of
the general public similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino Superior Court

247 West Third Street, San Bernardino, California 92415

CASE NUMBER:
*(Número del Caso):*

**CIVDS 1716405**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert Drexler (SBN 119119), Jonathan Lee (SBN 267146), Natalie Torbati (SBN 301663)
Capstone Law APC, 1875 Century Park East, Suite 1000, Los Angeles, California 90067, Telephone:(310) 556-4811

| DATE: *(Fecha)* | AUG 2 3 2017 | Clerk, by *(Secretario)* | SANDRA ORTEGA | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WINCO FOODS, LLC,
a Delaware limited liability company

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO JUSTICE CENTER
247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210

CASE NO: CIVDS1716405

http://www.sb-court.org

------- APPEARANCE IS MANDATORY - Unless Case is Finalized --------

Appearance Date: 10/10/17      Time: 8:30      Dept: S24

IN RE: JOHNSON -v- WINCO FOODS, LLC, ETAL

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference on 10/10/17 at  8:30
in Department S26. You must appear at this hearing or your case may
be dismissed and monetary penalties may be imposed.

THIS CASE HAS BEEN ASSIGNED TO JUDGE DAVID COHN IN
DEPARTMENT S26 FOR ALL PURPOSES.

Your Joint Statement must be filed, directly in the Complex Litigation
Department, five (5) calendar days prior to the hearing.

TO THE PARTY SERVED: The setting of this date DOES NOT increase the
time you have to respond to the petition. The time for response is
clearly stated on the Summons.

Please see the Guidelines for the Complex Litigation Program for
further information. The guidelines may be found at the Court Website:
http://www.sb-court.org

A COPY OF THIS NOTICE MUST BE SERVED ON THE RESPONDENT
Nancy Eberhardt, Interim Court Executive Officer
Date: 08/23/17                                By: SANDRA ORTEGA
-----------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.
DATE OF MAILING: 08/23/17
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 08/23/17 at San Bernardino, CA By: SANDRA ORTEGA

**COPY**

1 | Robert Drexler (SBN 119119)
Robert.Drexler@capstonelawyers.com
2 | Jonathan Lee (SBN 267146)
Jonathan.Lee@capstonelawyers.com
3 | Natalie Torbati (SBN 301663)
Natalie.Torbati@capstonelawyers.com
4 | Capstone Law APC
1875 Century Park East, Suite 1000
5 | Los Angeles, California 90067
Telephone:    (310) 556-4811
6 | Facsimile:     (310) 943-0396

7 | Attorneys for Plaintiff Alfred Johnson

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 2 3 2017

BY _____
SANDRA ORTEGA, DEPUTY

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF SAN BERNARDINO

CIVDS 1716405

11 | ALFRED JOHNSON, individually, and on behalf of other members of the general public similarly situated,
12 |
13 | Plaintiff,
14 | vs.
15 | WINCO FOODS, LLC, a Delaware limited liability company; WINCO HOLDINGS, INC., an Idaho corporation; and DOES 1 through 10, inclusive,
16 |
17 |
18 | Defendants.

Case No.:

**CLASS ACTION COMPLAINT**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages);
(3) Violation of California Labor Code §§ 226.7, 512(a), and 1198 (Failure to Provide Meal Periods);
(4) Violation of California Labor Code §§ 226.7 and 1198 (Failure to Provide Rest Periods);
(5) Violation of California Labor Code §§ 226(a), 1174(d), and 1198 (Non-Compliant Wage Statements and Failure to Maintain Payroll Records);
(6) Violation of California Labor Code §§ 201, 202, and 203 (Wages Not Timely Paid Upon Termination);
(7) Violation of California Labor Code § 2802 (Unreimbursed Business Expenses);
(8) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unlawful Business Practices); and
(9) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Business Practices)

**Jury Trial Demanded**

19
20
21
22
23
24
25
26
27
28

Plaintiff Alfred Johnson, individually and on behalf of all other members of the public similarly situated, alleges as follows:

### JURISDICTION AND VENUE

1.      This class action is brought pursuant to California Code of Civil Procedure section 382.  The monetary damages, penalties, and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10.  The statutes under which this action is brought do not specify any other basis for jurisdiction.  Plaintiff's share of damages, penalties, and other relief sought in this action does not exceed $75,000.

2.      This Court has jurisdiction over all Defendants because Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

3.      Venue is proper in this Court, because Defendants employ persons in this county and employed Plaintiff in this county, and thus a substantial portion of the transactions and occurrences related to this action occurred in this county.

### THE PARTIES

4.      Plaintiff Alfred Johnson is a resident of Victorville, in San Bernardino County, California.  Defendants employed Plaintiff as an hourly, non-exempt Meat Clerk and Pizza Clerk from approximately February 2016 to August 25, 2016.  During his employment, Plaintiff worked for Defendants at their grocery store location in Victorville, California. Plaintiff worked approximately eight (8) hours or more per day, five (5) to six (6) days per week, and forty (40) hours or more per week.  At the time Plaintiff's employment with Defendants ended, he earned approximately $10.55 per hour.  His job duties as a Meat Clerk and Pizza Clerk included cutting, preparing, and packaging meat and pizza products.

5.      Defendant WINCO FOODS, LLC, was and is, upon information and belief, a

1    Delaware limited liability company doing business in California, and at all times hereinafter

2    mentioned, an employer whose employees are engaged throughout this county, the State of

3    California, or the various states of the United States of America.

4         6.    Defendant WINCO HOLDINGS, INC., was and is, upon information and

5    belief, an Idaho corporation doing business in California, and at all times hereinafter

6    mentioned, an employer whose employees are engaged throughout this county, the State of

7    California, or the various states of the United States of America.

8         7.    Plaintiff is unaware of the true names or capacities of the Defendants sued

9    herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to

10   amend the complaint and serve such fictitiously named Defendants once their names and

11   capacities become known.

12        8.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10

13   are the partners, agents, owners, shareholders, managers, or employees of WINCO FOODS,

14   LLC and WINCO HOLDINGS, INC. at all relevant times.

15        9.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

16   acts and omissions alleged herein was performed by, or is attributable to, WINCO FOODS,

17   LLC, WINCO HOLDINGS, INC., and/or DOES 1 through 10 (collectively "Defendants" or

18   "WINCO"), each acting as the agent, employee, alter ego, and/or joint venturer of, or

19   working in concert with, each of the other co-Defendants and was acting within the course

20   and scope of such agency, employment, joint venture, or concerted activity with legal

21   authority to act on the others' behalf.  The acts of any and all Defendants were in accordance

22   with, and represent, the official policy of Defendants.

23        10.   At all relevant times, Defendants, and each of them, ratified each and every act

24   or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

25   and abetted the acts and omissions of each and all the other Defendants in proximately

26   causing the damages herein alleged.

27        11.   Plaintiff is informed and believes, and thereon alleges, that each of said

28   Defendants is in some manner intentionally, negligently, or otherwise responsible for the

CLASS ACTION COMPLAINT

acts, omissions, occurrences, and transactions alleged herein.

12.   Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over the wages, hours, working conditions, and employment status of Plaintiff and class members. Each Defendant had the power to hire and fire Plaintiff and class members, supervised and controlled their work schedule and/or conditions of employment, determined their rate of pay, and maintained their employment records.  Defendants suffered or permitted Plaintiff and class members to work and/or "engaged" Plaintiff and class members so as to create a common law employment relationship.  As joint employers of Plaintiff and class members, Defendants are jointly and severally liable for the civil penalties and all other relief available to Plaintiff and class members under the law.

13.   Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, have acted as joint employers with respect to Plaintiff and class members because Defendants have:

(a)   jointly exercised meaningful control over the work performed by Plaintiff and class members;

(b)   jointly exercised meaningful control over Plaintiff and class members' wages, hours, and working conditions, including the quantity, quality standards, speed, scheduling, and operative details of the tasks performed by Plaintiff and class members;

(c)   jointly required that Plaintiff and class members perform work which is an integral part of Defendants' businesses; and jointly exercised control over Plaintiff and class members as a matter of economic reality in that Plaintiff and class members were dependent on Defendants, who shared the power to set the wages of Plaintiff and class members and determine their working conditions, and who jointly reaped the benefits from the underpayment of their wages and noncompliance with other statutory provisions governing their employment.

14.     Plaintiff is informed and believes, and further alleges, that at all relevant times there has existed a unity of interest and ownership between Defendants such that any individuality and separateness between the entities has ceased.

15.     WINCO FOODS, LLC, WINCO HOLDINGS, INC., and DOES 1-10 are therefore alter egos of each other.

16.     Adherence to the fiction of the separate existence of Defendants would permit an abuse of the corporate privilege, and would promote injustice by protecting Defendants from liability for the wrongful acts committed by it under the name WINCO.

17.     Plaintiff further alleges, upon information and belief, that Defendants are alter egos of each other for the additional following reasons:

(a)     WINCO FOODS, LLC and WINCO HOLDINGS, INC., share the same principal place of business address of 6505 N. Armstrong Place, Boise, Idaho 83704;

(b)     WINCO FOODS, LLC and WINCO HOLDINGS, INC. share the same Chief Executive Officer, Steven L. Goddard; and

(c)     WINCO FOODS, LLC and WINCO HOLDINGS, INC. share the same officers and directors, including, but not limited to, Richard L. Charrier, Gary A. Piva, Carole Moerdyk, and Glen Reynolds, all of whom have the same mailing address.

## GENERAL ALLEGATIONS

18.     Defendants are a supermarket chain operating approximately 115 retail stores in Arizona, California, Idaho, Nevada, Oklahoma, Oregon, Texas, Utah, and Washington. In California, Defendants operate approximately 37 grocery store locations.  Upon information and belief, Defendants employ approximately 4,000 employees in California.

19.     Upon information and belief, Defendants maintain a single, centralized Human Resources (HR) department at their corporate headquarters in Boise, Idaho, which is responsible for communicating and implementing Defendants' company-wide policies to employees throughout California.

CLASS ACTION COMPLAINT

20.     In particular, Plaintiff and class members, on information and belief, received the same standardized documents and/or written policies.  Upon information and belief, the usage of standardized documents and/or written policies, including new hire documents, indicate that Defendants dictated policies at the corporate level and implemented them company-wide, regardless of their employees' assigned locations or positions.  Upon information and belief, Defendants set forth uniform policies and procedures in several documents provided at an employee's time of hire.  For example, at the time Plaintiff was hired, he received documents including, but not limited to, Store Orientation Checklist, Company Personnel Policies, and Information Security Policies.

21.     Upon information and belief, Defendants' written policy requires that all new hires and/or prospective employees undergo mandatory drug testing as a condition of employment: "New hires and rehires will be required to take a breath alcohol and/or drug test prior to employment."  Defendants provide their newly-hired employees and/or prospective employees with the location of the testing facility, select the time and date of the drug test, and determine the scope of the testing.  Defendants require that these newly-hired employees and/or prospective employees travel using their own vehicles to the site to undergo the drug test.  Upon information and belief, Defendants do not compensate newly-hired employees and/or prospective employees for the time it takes to travel to and from the testing facility or for the time it takes to undergo the drug testing.  Upon information and belief, Defendants do not reimburse employees for the travel expenses they incur getting to and from the testing facility.

22.     Upon information and belief, Defendants maintain a centralized Payroll department at their corporate headquarters in Boise, Idaho, which processes payroll for all non-exempt, hourly-paid employees working for Defendants at their various locations in California, including Plaintiff and class members.  Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly-paid employees in California, irrespective of their work location.  Upon information and belief, Defendants process payroll for departing employees in the same manner throughout the State

CLASS ACTION COMPLAINT

1    of California, regardless of the manner in which each employee's employment ends.

2        23.    Defendants continue to employ non-exempt or hourly-paid employees in retail,

3    warehouse, and distribution center locations, throughout California.

4        24.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

5    mentioned, Defendants were advised by skilled lawyers and other professionals, employees

6    and advisors knowledgeable about California labor and wage law, employment and personnel

7    practices, and about the requirements of California law.

8        25.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class

9    members were not paid for all hours worked because all hours worked were not recorded.

10       26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

11   should have known that Plaintiff and class members were entitled to receive certain wages

12   for overtime compensation and that they were not receiving certain wages for overtime

13   compensation.

14       27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

15   should have known that Plaintiff and class members were entitled to be paid at a regular rate

16   of pay, and corresponding overtime rate of pay, that included all forms of remuneration paid

17   to Plaintiff and class members, including shift differential pay, incentive pay, nondiscretionary

18   bonuses and/or other forms of compensation.

19       28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

20   should have known that Plaintiff and class members were entitled to receive at least

21   minimum wages for compensation and that they were not receiving at least minimum wages

22   for work that was required to be done off-the-clock.  In violation of the California Labor

23   Code, Plaintiff and class members were not paid at least minimum wages for work done off-

24   the-clock.

25       29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

26   should have known that Plaintiff and class members were entitled to meal periods in

27   accordance with the Labor Code or payment of one (1) additional hour of pay at their regular

28   rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal

1    periods and that Plaintiff and class members were not provided with all meal periods or

2    payment of one (1) additional hour of pay at their regular rates of pay when they did not

3    receive a timely, uninterrupted, thirty (30) minute meal period.

4        30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

5    should have known that Plaintiff and class members were entitled to rest periods in

6    accordance with the Labor Code and applicable IWC Wage Order or payment of one (1)

7    additional hour of pay at their regular rates of pay when they were not provided with a

8    compliant rest period and that Plaintiff and class members were not provided compliant rest

9    periods or payment of one (1) additional hour of pay at their regular rates of pay when they

10   were not provided a compliant rest period.

11       31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

12   should have known that Plaintiff and class members were entitled to receive complete and

13   accurate wage statements in accordance with California law.  In violation of the California

14   Labor Code, Plaintiff and class members were not provided complete and accurate wage

15   statements.

16       32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

17   should have known that they had a duty to maintain accurate and complete payroll records in

18   accordance with the Labor Code and applicable IWC Wage Order, but willfully, knowingly,

19   and intentionally failed to do so.

20       33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

21   should have known that Plaintiff and class members were entitled to timely payment of all

22   wages earned upon termination of employment.  In violation of the California Labor Code,

23   Plaintiff and class members did not receive payment of all wages due, including, but not

24   limited to, overtime wages, minimum wages, and meal and rest period premiums, within

25   permissible time periods.

26       34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

27   should have known that Plaintiff and class members were entitled to timely payment of

28   wages during their employment.  In violation of the California Labor Code, Plaintiff and

CLASS ACTION COMPLAINT

1   class members did not receive payment of all wages, including, but not limited to, overtime

2   wages, minimum wages, and meal and rest period premiums, within permissible time

3   periods.

4        35.   Plaintiff is informed and believes, and thereon alleges, that at all times herein

5   mentioned, that Defendants knew or should have known that they had a duty to cover the costs

6   and expenses Plaintiff and class members incurred obtaining mandatory pre-employment

7   physical examinations and drug tests, but willfully, knowingly, and intentionally failed to do

8   so.

9        36.   Plaintiff is informed and believes, and thereon alleges, that at all times herein

10  mentioned, Defendants knew or should have known that they had a duty to provide Plaintiff

11  and class members with written notice of the material terms of their employment with

12  Defendants as required by the California Wage Theft Prevention Act, but willfully,

13  knowingly, and intentionally failed to do so.

14       37.   Plaintiff is informed and believes, and thereon alleges, that at all times herein

15  mentioned, Defendants knew or should have known that they had a duty to compensate

16  Plaintiff and class members for all hours worked, and that Defendants had the financial

17  ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so,

18  and falsely represented to Plaintiff and class members that they were properly denied wages,

19  all in order to increase Defendants' profits.

20                          **CLASS ACTION ALLEGATIONS**

21       38.   Plaintiff brings this action on his own behalf, as well as on behalf of each and

22  all other persons similarly situated, and thus seeks class certification under California Code

23  of Civil Procedure section 382.

24       39.   All claims alleged herein arise under California law for which Plaintiff seeks

25  relief authorized by California law.

26       40.   Plaintiff's proposed class consists of and is defined as follows:

27          All persons who worked for Defendants as nonexempt, hourly-
            paid employees in California, including retail, warehouse, and
28          distribution center locations, within four years prior to the filing

of this complaint until the date of trial ("Class").

41.   Plaintiff's proposed subclass consists of and is defined as follows:

All persons who worked for Defendants as nonexempt, hourly-paid employees in California, including retail, warehouse, and distribution center locations, within one year prior to the filing of this complaint until the date of trial ("Subclass").

42.   Members of the Class and Subclass are referred to herein as "class members."

43.   Plaintiff reserves the right to redefine the Class and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

44.   There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a)   Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff and class members;

(b)   Whether Defendants failed to properly calculate the "regular rate" of pay on which Plaintiff and class members' overtime rate of pay was based;

(c)   Whether Defendants failed to pay Plaintiff and class members at least minimum wages for all hours worked;

(d)   Whether Defendants failed to provide Plaintiff and class members with meal periods;

(e)   Whether Defendants failed to provide Plaintiff and class members with rest periods;

(f)   Whether Defendants provided Plaintiff and class members with complete and accurate wage statements as required by California Labor Code section 226(a);

(g)   Whether Defendants failed to pay earned overtime wages, minimum wages, and meal and rest period premiums due to Plaintiff and class

CLASS ACTION COMPLAINT

1    members upon their discharge;

2    (h)    Whether Defendants failed timely to pay overtime wages, minimum

3           wages, and meal and rest period premiums to Plaintiff and class

4           members during their employment;

5    (i)    Whether Defendants failed to pay Plaintiff and class members for the

6           costs of mandatory pre-employment physical examinations and drug

7           testing;

8    (j)    Whether Defendants reimbursed Plaintiff and class members for

9           business-related expenses they incurred as a result of their employment;

10   (k)    Whether Defendants failed to provide written notice of information

11          material to Plaintiff and class members' employment as required by

12          Labor Code section 2810.5(a)(1)(A)-(C);

13   (l)    Whether Defendants engaged in unlawful and unfair business practices

14          in violation of California Business & Professions Code sections 17200,

15          *et seq.*; and

16   (m)    The appropriate amount of damages, restitution, or monetary penalties

17          resulting from Defendants' violations of California law.

18   45.   There is a well-defined community of interest in the litigation and the class

19   members are readily ascertainable:

20   (a)    Numerosity:  The class members are so numerous that joinder of all

21          members would be unfeasible and impractical.  The membership of the

22          entire class is unknown to Plaintiff at this time; however, the class is

23          estimated to be greater than one hundred (100) individuals and the

24          identity of such membership is readily ascertainable by inspection of

25          Defendants' employment records.

26   (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately

27          protect the interests of each class member with whom he has a well-

28          defined community of interest, and Plaintiff's claims (or defenses, if

1    any) are typical of all class members as demonstrated herein.

2    (c)  Adequacy:  Plaintiff is qualified to, and will, fairly and adequately

3         protect the interests of each class member with whom he has a well-

4         defined community of interest and typicality of claims, as demonstrated

5         herein.  Plaintiff acknowledges that he has an obligation to make known

6         to the Court any relationship, conflicts or differences with any class

7         member.  Plaintiff's attorneys, the proposed class counsel, are versed in

8         the rules governing class action discovery, certification, and settlement.

9         Plaintiff has incurred, and throughout the duration of this action, will

10        continue to incur costs and attorneys' fees that have been, are, and will

11        be necessarily expended for the prosecution of this action for the

12        substantial benefit of each class member.

13   (d)  Superiority:  The nature of this action makes the use of class action

14        adjudication superior to other methods.  A class action will achieve

15        economies of time, effort, and expense as compared with separate

16        lawsuits, and will avoid inconsistent outcomes because the same issues

17        can be adjudicated in the same manner and at the same time for the

18        entire class.

19   (e)  Public Policy Considerations:  Employers in the State of California

20        violate employment and labor laws every day.  Current employees are

21        often afraid to assert their rights out of fear of direct or indirect

22        retaliation.  Former employees are fearful of bringing actions because

23        they believe their former employers might damage their future

24        endeavors through negative references and/or other means.  Class

25        actions provide the class members who are not named in the complaint

26        with a type of anonymity that allows for the vindication of their rights

27        while simultaneously protecting their privacy.

28   ///

CLASS ACTION COMPLAINT

# FIRST CAUSE OF ACTION

## Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

### (Against all Defendants)

46.     Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

47.     California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

48.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

49.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay, and required to pay Plaintiff and other class members at a rate of two (2) times their regular rate of pay for hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of a work in a workweek.

50.     At all relevant times, Defendants willfully failed to pay all overtime wages owed to Plaintiff and class members.  At all relevant times, Plaintiff and class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

51.     During the relevant time period, Defendants routinely and systematically understaffed their locations, resulting in a lack of break coverage and causing Plaintiff and class members to be interrupted by work during unpaid meal periods, resulting in them working off-the-clock.  Plaintiff and class members had their meal periods interrupted by work in order to ensure their departments or floors were covered and in order to meet customer demand.

52.     At all relevant times, Defendants also systematically, and on a company-wide basis, did not schedule second meal periods and had no policy for permitting Plaintiff and class members to take uninterrupted second 30-minute meal periods on days that they worked in excess of 10 hours in one day.  As a result, on days that Plaintiff and class members worked in excess of 10 hours, they were not provided with second 30-minute meal periods. Plaintiff and class members did not sign valid meal break waivers on days that they were entitled to meal periods but were not relieved of all duties.

53.     Defendants knew or should have known that as a result of its policies and failure to schedule second meal periods, Plaintiff and class members were performing some of their assigned duties during unpaid meal periods, and were suffered or permitted to perform work for which they were not paid.  Because Plaintiff and class members worked shifts of ten (10) hours a day or more and forty (40) hours a week or more, much of this off-the-clock work performed during unpaid meal periods and before shifts qualified for overtime premium pay.  Therefore, Plaintiff and class members were not paid overtime wages for all of the overtime hours they actually worked.

54.     Furthermore, on information and belief, Defendants did not pay Plaintiff and class members the correct overtime rate for the recorded overtime hours that they generated. In addition to an hourly wage, Defendants paid Plaintiff and class members shift differential pay, incentive pay, and/or nondiscretionary bonuses.  However, upon information and belief, Defendants failed to incorporate all remunerations, including shift differential pay, incentive pay, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate.

55.     Specifically, Plaintiff and class members were entitled to shift differential pay for working a graveyard shift.  On information and belief, in the same pay periods in which this shift differential pay was earned, Plaintiff and class members also worked overtime hours for which they were paid overtime wages.  However, Defendants failed to incorporate these other earned forms of pay into Plaintiff and class members' regular rate of pay and, as a result, paid them at an incorrect and lower rate of pay for overtime hours worked.  Specifically, Defendants paid them at 1.5 times their hourly rate of pay instead of at 1.5 times their regular rate of pay.  Therefore, during times when Plaintiff and class members worked overtime and received shift differential pay, incentive pay, and/or nondiscretionary bonuses, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

56.     Defendants' failure to pay Plaintiff and class members the balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198.  Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid Minimum Wages

### (Against All Defendants)

57.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

58.     At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.  Compensable work time is defined in Wage Order No. 7 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code. Regs. tit. 8, § 11070(2)(G) (defining "Hours Worked").

CLASS ACTION COMPLAINT

59.     Defendants have, and continue to have, a company-wide policy and/or practice of understaffing, which resulted in a lack of break coverage and impeded Plaintiff and class members from taking all uninterrupted meal periods to which they were entitled and resulted in them working off-the-clock.  Plaintiff and class members had their meal periods interrupted by work in order to ensure their departments or floors were covered and in order to meet customer demand.  Defendants did not pay class members for the time they continued to perform tasks during their meal periods.

60.     During the relevant time period, Defendants also maintained and implemented a company-wide policy of requiring all new hires and/or prospective employees to undergo a mandatory drug test as a condition of employment.  At all times, upon information and belief, Defendants were in control of scheduling the date and time for the tests, selecting the provider or facility where the tests were to take place, and determining the scope of the tests.  Defendants gave Plaintiff and class members strict instructions to obtain drug tests as a condition of their employment, and Plaintiff and class members underwent the testing for the sole benefit of Defendants.  However, Defendants did not compensate Plaintiff and class members for the time they spent traveling to and from the testing facility or for the time they spent undergoing drug testing.  In all, Plaintiff spent approximately 2.5 hours traveling to and from the designated medical facility, and waiting for and undergoing a drug test.  Defendants did not compensate Plaintiff for this time.

61.     Defendants did not pay at least minimum wages for all hours worked by Plaintiff and class members.  To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.  Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiff and class members for all of the hours they worked.

62.     Defendants' failure to pay Plaintiff and class members minimum wages violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.  Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover

liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## THIRD CAUSE OF ACTION

### Violations of California Labor Code, §§ 226.7, 512(a), and 1198—Meal Period Violations

### (Against all Defendants)

63.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

64.     At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.  Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (Cal. 2012).

65.     At all relevant times herein set forth, California Labor Code section 226.7 and 512(a), and 1198 provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

66.     At all relevant times herein set forth, Labor Code sections 226.7 and 512(a), 1198 and the applicable IWC Wage Order also require employers to provide a second meal break of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

67.     At all relevant times, as stated above, Defendants have, and continue to have, a company-wide policy and/or practice of understaffing locations, which resulted in a lack of meal break coverage and impeded Plaintiff and class members from taking all timely, uninterrupted meal periods to which they were entitled.  Plaintiff and class members had to

1   have their meal periods interrupted to return to work and/or wait extended periods of time

2   before taking meal periods in order to ensure their departments or the floor was covered.

3   Plaintiff was unable to take timely meal breaks, as he was required to ensure another

4   employee was present in his department before he could take a meal break.

5        68.    In addition, as stated, Defendants did not schedule second meal periods and had

6   no policy for permitting Plaintiff and class members to take second 30-minute meal periods

7   on days that they worked in excess of ten (10) hours in one day.  Plaintiff and class members

8   did not receive second 30-minute meal periods on days that they worked in excess of ten (10)

9   hours in one day.  For example, when Plaintiff worked in excess of ten (10) hours in a day,

10   Defendants did not schedule him to take a second meal period and did not provide him with

11   the opportunity to take a second meal period.  Instead, Plaintiff continued to work until he

12   clocked out for the day.  Plaintiff and class members did not sign valid meal break waivers

13   on days that they were entitled to meal periods and were not relieved of all duties.

14        69.    At all times herein mentioned, Defendants knew or should have known that, as

15   a result of understaffing and policy of failing to schedule second meal periods, Plaintiff and

16   class members have been required to perform some of their assigned duties during meal

17   periods and that Defendants did not pay Plaintiff and class members meal period premium

18   wages when meal periods were late, interrupted, and/or missed.  As a result, Plaintiff and

19   class members had to work through some or all of their meal periods, have their meal periods

20   interrupted to return to work, and/or wait extended periods of time before taking meal

21   periods.  Plaintiff and class members were made to work over five (5) hours before

22   Defendants permitted and authorized them to take their meal periods, and their meal periods

23   were cut short and/or taken late so that Plaintiff and class members could attend to their

24   assigned tasks.

25        70.    Moreover, upon information and belief, Defendants engaged in a systematic,

26   company-wide practice and/or policy of not paying meal period premiums for Plaintiff and

27   class members, regardless of whether they were able to take a compliant meal break, in

28   violation of the applicable IWC Wage Order and Labor Code sections 226.7 and 512(a).  To

1    the extent that Defendants did pay Plaintiff and class members one (1) additional hour of

2    premium pay for missed first or second meal periods, on information and belief, Defendants

3    did not pay Plaintiff and class members at the correct rate of pay for premium wages because

4    Defendants failed to include all forms of compensation, such as shift differential pay,

5    incentive pay, and/or nondiscretionary bonuses, in the regular rate of pay.  As a result,

6    Defendants failed to provide Plaintiff and class members compliant meal periods in violation

7    of California Labor Code sections 226.7 and 512 and failed to pay the full meal period

8    premiums due.

9         71.    Defendants' conduct violates the applicable IWC Wage Order, and California

10   Labor Code sections 226.7, 512(a), and 1198.  Plaintiff and class members are therefore

11   entitled to recover from Defendants one (1) additional hour of pay at the employee's regular

12   rate of compensation for each work day that the meal period was not provided.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7 and 1198—Rest Break Violations**

**(Against all Defendants)**

16        72.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

17   and every allegation set forth above.

18        73.    At all relevant times herein set forth, the applicable IWC Wage Order and

19   California Labor Code sections 226.7 and 1198 were applicable to Plaintiff and class

20   members' employment by Defendants.

21        74.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

22   employer shall authorize and permit all employees to take rest periods, which insofar as

23   practicable shall be in the middle of each work period" and that the "rest period time shall be

24   based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

25   hours or major fraction thereof" unless the total daily work time is less than three and one-

26   half (3½) hours.

27        75.    At all relevant times, California Labor Code section 226.7 provides that no

28   employer shall require an employee to work during any rest period mandated by an

1    applicable order of the California IWC.  To comply with its obligation to provide rest periods

2    under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer

3    must "relinquish any control over how employees spend their break time, and relieve their

4    employees of all duties — including the obligation that an employee remain on call.  A rest

5    period, in short, must be a period of rest."  *Augustus v. ABM Security Services, Inc.*, 2 Cal.

6    5th 257, 269-270 (2016).  Pursuant to the applicable IWC Wage Order and California Labor

7    Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants

8    one (1) additional hour of pay at their regular rates of pay for each work day that a required

9    rest period was not provided.

10        76.    During the relevant time period, Defendants' company-wide policy and practice

11   of understaffing prevented Plaintiff and class members from being relieved of all duty in

12   order to take compliant rest periods.  When the store was busy with high customer demand,

13   Plaintiff missed his rest breaks, would be required to take them late, or would have his rest

14   breaks interrupted.  Additionally, Defendants maintained and implemented a company-wide

15   practice and/or policy requiring that Plaintiff and class members remain on premises during

16   their rest breaks: "[r]etail employees are not permitted to leave the store interior on a rest

17   break . . . ."  As a result, Plaintiff and class members were prevented from being relieved of

18   all duty in order to take compliant rest periods and instead would be required to continue

19   working.  Because Defendants did not relinquish all control over Plaintiff and class members

20   during rest breaks, as a matter of company-wide policy, Plaintiff and class members were

21   denied rest breaks.

22        77.    Plaintiff and class members worked shifts in excess of three and one-half (3 ½)

23   hours, in excess of six (6) hours, and/or in excess or ten (10) hours without receiving all

24   uninterrupted 10-minute rest periods to which they were entitled.

25        78.    Defendants have also engaged in a systematic, company-wide practice and/or

26   policy of not paying rest period premiums owed when rest periods are not provided.

27   Alternatively, to the extent that Defendants did pay Plaintiff and class members one (1)

28   additional hour of premium pay for missed rest periods, on information and belief,

CLASS ACTION COMPLAINT

1    Defendants did not pay Plaintiff and class members at the correct rate of pay for premium

2    wages because Defendants failed to include all forms of compensation, such as shift

3    differential pay, incentive pay, and/or nondiscretionary bonuses, in the regular rate of pay.

4    As a result, to the extent Defendants paid Plaintiff and class members premium pay for

5    missed rest periods, it did so at a lower rate than required by law.  As a result, Defendants

6    denied Plaintiff and class members rest periods and failed to pay them rest period premium

7    wages due, in violation of Labor Code section 226.7 and the applicable IWC Wage Order.

8        79.    Defendants' conduct violates the applicable IWC Wage Order and California

9    Labor Code sections 226.7 and 1198.  Plaintiff and class members are therefore entitled to

10   recover from Defendants one (1) additional hour of pay at the employee's regular rate of

11   compensation for each work day that the rest period was not provided.

12                          **FIFTH CAUSE OF ACTION**

13   **Violation of California Labor Code §§ 226(a), 1174(d), and 1198 – Non-Compliant Wage**

14           **Statements and Failure to Maintain Accurate Payroll Records**

15                          **(Against all Defendants)**

16       80.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

17   and every allegation set forth above.

18       At all relevant times herein set forth, California Labor Code section 226(a) provides

19   that every employer shall furnish each of his or her employees an accurate and complete

20   itemized wage statement in writing, including, but not limited to, the name and address of the

21   legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and

22   all applicable rates of pay.

23       81.    At all relevant times, Defendants have knowingly and intentionally provided

24   Plaintiff and class members with uniform, incomplete, and inaccurate wage statements.  For

25   example, Defendants issued uniform wage statements to Plaintiff and class members that fail

26   to correctly list: gross wages earned; net wages earned; and all applicable hourly rates in

27   effect during the pay period, including overtime rates of pay, the address of the legal entity

28   that is the employer; and the corresponding number of hours worked at each hourly rate.

82.     Specifically, Defendants violated sections 226(a)(1), 226(a)(5), 226(a)(8), and 226(a)(9).  Because Defendants did not calculate Plaintiff and class members' regular rate of pay correctly for purposes of paying overtime, Defendants did not list the correct amount of gross wages earned by Plaintiff and class members in compliance with section 226(a)(1). Also, Defendants failed to list the correct amount of net wages earned by Plaintiff and class members in violation of section 226(a)(5).  Defendants also failed to correctly list all applicable hourly rates in effect during the pay period, namely, correct overtime rates of pay and correct rates of pay for premium wages, in violation of section 226(a)(9).

83.     Further, because Defendants failed to pay meal and rest period premiums to Plaintiff and class members, Defendants did not list the correct amount of gross wages earned by Plaintiff and class members in compliance with section 226(a)(1).  For the same reason, Defendants failed to list the correct amount of net wages earned by Plaintiff and class members in violation of section 226(a)(5).

84.     In addition, Defendants issued uniform wage statements to Plaintiff and class members that listed "P.O. Box 5756, Boise, ID 83705" as the employing entity's legal address, in violation of section 226(a)(8).  Plaintiff's wage statements are confusing and vague in that both WINCO FOODS, LLC and WINCO HOLDINGS, INC.'s entity address should be "650 N Armstrong Pl, Boise, ID 83704," as they are listed on the Secretary of State's website. Thus, it was and is not apparent and clear to Plaintiff and class members the actual address at which they could contact their employer.

85.     The wage statement deficiencies include, without limitation, failing to list total hours worked by employees; failing to list the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; failing to list all deductions; failing to list the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; failing to list the name of the legal entity that is the employer; failing to list the inclusive dates of the period for which aggrieved employees were paid; and/or failing to state all hours worked as a result of not recording or stating the hours they worked off-the-clock.

86.     California Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the applicable IWC Wage Orders.  Section 1198 further provides that "[t]he employment of any employees for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."  Pursuant to the applicable IWC Wage Order, employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period.  At all relevant times, Defendants failed, on a company-wide basis, to keep records of meal period start and stop times for Plaintiff and class members in violation of section 1198.  Also, in light of Defendants' failure to provide Plaintiff and class members with second 30-minute meal periods to which they were entitled, Defendants kept no records of meal start and end times for second meal periods.

87.     California Labor Code section 1174(d) provides that "[e]very person employing labor in this state shall ... [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments..."  At all relevant times, and in violation of Labor Code section 1174(d), Defendants willfully failed to maintain accurate payroll records for Plaintiff and class members showing the daily hours they worked and the wages paid thereto as a result of failing to record the off-the-clock hours that they worked.

88.     Plaintiff and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

///

///

CLASS ACTION COMPLAINT

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201, 202, and 203 – Wages Not Timely Paid Upon**

**Termination**

**(Against all Defendants)**

89.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

90.     At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

91.     At all relevant times, Defendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

92.     Defendants' failure to pay Plaintiff and those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202.  Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**SEVENTH CAUSE OF ACTION**

**Violation of California Labor Code § 2802 – Unpaid Business-Related Expenses**

**(Against all Defendants)**

93.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each

1    and every allegation set forth above.

2        94.    At all times herein set forth, California Labor Code section 2802 provides that

3    an employer must reimburse employees for all necessary expenditures and losses incurred by

4    the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is

5    to prevent employers from passing off their cost of doing business and operating expenses on

6    to their employees. *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144

7    (2014).

8        95.    The applicable wage order, IWC Wage Order 7-2001, provides that: "[w]hen

9    the employer requires the use of tools or equipment or they are necessary to the performance

10   of a job, such tools and equipment shall be provided and maintained by the employer, except

11   that an employee whose wages are at least two (2) times the minimum wage may provide and

12   maintain hand tools and equipment customarily required by the particular trade or craft."

13       96.    During the relevant time period, as mentioned, Defendants required Plaintiff

14   and class members to travel to designated medical clinics or facilities to undergo drug testing

15   at or near their time of hire, and did not reimburse them for their travel expenses.  For

16   example, as described above, Plaintiff drove for 30 minutes roundtrip to undergo mandatory

17   drug testing per Defendants' instructions, but was not reimbursed for his mileage to and from

18   the medical facility.

19       97.    Defendants had, and continue to have, a company-wide policy and/or practice

20   of not reimbursing employees for expenses necessarily incurred.  Defendants could have

21   provided Plaintiff and class members reimbursed employees for their gas expenses and/or

22   provided company vehicles to be used for fulfilling work-related tasks, such as for obtaining

23   mandatory drug testing.  Instead, Defendants passed these costs off on to Plaintiff and class

24   members.  Defendants have, and continue to have, a company-wide policy and/or practice of

25   not reimbursing employees for expenses necessarily incurred. At all relevant times, Plaintiff

26   did not earn at least two (2) times the minimum wage.

27       98.    Defendants' company-wide policy and/or practice of passing on its operating

28   costs to Plaintiff and class members by failing to reimburse all travel expenses violates

1  California Labor Code section 2802.  Defendants have intentionally and willfully failed to
2  fully reimburse Plaintiff and other class members for necessary business-related expenses and
3  costs.
4     99.    Plaintiff and class members are entitled to recover from Defendants their
5  business-related expenses incurred during the course and scope of their employment, plus
6  interest.

### EIGHTH CAUSE OF ACTION

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unlawful Business Practices**

**(Against all Defendants)**

11    100.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each
12  and every allegation set forth above.
13    101.   Defendants are a "person" as defined by California Business & Professions
14  Code sections 17201, as they are corporations, firms, partnerships, joint stock companies
15  and/or associations.
16    102.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair,
17  unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff has
18  suffered injury in fact and has lost money as a result of Defendants' unlawful business
19  practices.  Plaintiff seeks to enforce important rights affecting the public interest within the
20  meaning of Code of Civil Procedure section 1021.5.
21    103.   Defendants' activities, as alleged herein, are violations of California law, and
22  constitute unlawful business acts and practices in violation of California Business &
23  Professions Code sections 17200, *et seq.*
24    104.   A violation of California Business & Professions Code sections 17200, et seq.
25  may be predicated on the violation of any state or federal law.  In the instant case,
26  Defendants' policies and practices have violated state law in at least the following respects:
27     (a)   Requiring non-exempt employees, including Plaintiff and class members, to
28         work overtime without paying them proper compensation in violation of

1   California Labor Code sections 510 and 1198 and the applicable IWC Order, as

2   alleged herein;

3   (b)   Failing to pay at least minimum wage to Plaintiff and class members in

4         violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and

5         1198 and the applicable IWC Order, as alleged herein;

6   (c)   Failing to provide uninterrupted meal and rest periods to Plaintiff and class

7         members in violation of California Labor Code sections 226.7, 512(a), 1198,

8         and the applicable IWC Order, as alleged herein;

9   (d)   Failing to provide Plaintiff and class members with accurate wage statements

10        and failing to maintain accurate payroll records in violation of California Labor

11        Code sections 226(a), 1174(d), 1198, and the applicable IWC Order, as alleged

12        herein;

13  (e)   Failing timely to pay all earned wages to Plaintiff and class members in

14        violation of California Labor Code section 204 and the applicable IWC Order,

15        as set forth below;

16  (f)   Failing to pay the costs of mandatory pre-employment physical examinations

17        and drug testing in violation of California Labor Code section 222.5, as set

18        forth below;

19  (g)   Failing to reimburse Plaintiff and class members for all business expenses

20        necessarily incurred in violation of California Labor Code section 2802, as

21        alleged herein; and

22  (h)   Failing to provide written notice of information material to Plaintiff and class

23        members' employment with Defendants in violation of Labor Code section

24        2810.5(a)(1)(A)-(C), as set forth below.

25  105.  At all times relevant herein, Labor Code section 204 provides that all wages

26  earned by any person in any employment between the first (1st) and the fifteenth (15th) days,

27  inclusive, of any calendar month, other than those wages due upon termination of an

28  employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day

1    of the month during which the labor was performed.

2       106.   At all times relevant herein, Labor Code section 204 provides that all wages

3    earned by any person in any employment between the sixteenth (16th) and the last day,

4    inclusive, of any calendar month, other than those wages due upon termination of an

5    employee, are due and payable between the first (1st) and the tenth (10th) day of the

6    following month.

7       107.   At all times relevant herein, Labor Code section 204 provides that all wages

8    earned for labor in excess of the normal work period shall be paid no later than the payday

9    for the next regular payroll period. Alternatively, at all times relevant herein, Labor Code

10    section 204 provides that the requirements of this section are deemed satisfied by the

11    payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not

12    more than seven (7) calendar days following the close of the payroll period.

13       108.   At all relevant times herein, Defendants willfully failed to pay Plaintiff and

14    class members all wages due including, but not limited to, overtime wages, minimum wages,

15    and meal and rest period premium wages, within the time periods specified by California

16    Labor Code section 204.

17       109.   At all relevant times herein, California Labor Code section 222.5 requires

18    employers to pay for the costs a prospective employee incurs for obtaining any pre-

19    employment medical or physical examination taken as a condition of employment.

20       110.   During the relevant time period, Defendants implemented, on a company-wide

21    basis, an employer-imposed requirement that Plaintiff and class members undergo a

22    mandatory drug test as a condition of employment, but required them to do so at their own

23    expense. As stated, upon information and belief, Defendants had a company-wide policy

24    requiring that all new employees, including Plaintiff and class members, travel to a medical

25    clinic on their own time and using their own means of transportation to undergo drug testing

26    and/or physical examinations. At all times, upon information and belief, Defendants were in

27    control of scheduling the date and time for the drug testing, selecting the provider/facility

28    where the drug testing was to take place, and determining the scope of the physical

1    examination and drug test.  However, Defendants did not compensate Plaintiff and class

2    members for the time they spent traveling to and from drug testing, for the time they spent

3    undergoing drug testing or for the travel expenses they incurred getting to and from the

4    medical clinic.

5        111.    As stated, Defendants instructed Plaintiff to travel to a medical clinic and

6    obtain a drug test and/or physical examination.  Plaintiff followed Defendants' instructions,

7    traveled approximately 30 minutes roundtrip to a medical facility in Apple Valley, and

8    underwent a drug test and/or physical examination.  Plaintiff waited approximately one to two

9    hours at the clinic to obtain the mandatory drug test; in all, Plaintiff spent approximately 2.5

10   hours traveling to and from, waiting for, and undergoing the drug test.  However, Defendants

11   did not compensate Plaintiff for this time or reimburse him for his travel expenses to and from

12   the clinic.

13       112.    At all relevant times herein, California's Wage Theft Prevention Act was

14   enacted to ensure that employers provide employees with basic information material to their

15   employment relationship at the time of hiring, and to ensure that employees are given written

16   and timely notice of any changes to basic information material to their employment.

17   Codified at California Labor Code section 2810.5, the Wage Theft Prevention Act provides

18   that at the time of hiring, an employer must provide written notice to employees containing

19   basic and material payroll information, including, among other things, the rate(s) of pay and

20   basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

21   otherwise, including any rates for overtime, the regular payday designated by the employer,

22   and any allowances claims as part of the minimum wage, including meal or lodging

23   allowances.  Labor Code § 2810.5(a)(1)(A)-(C).

24       113.    At all relevant times, on information and belief, Defendants failed to provide

25   written notice to Plaintiff and class members that lists the requisite information set forth in

26   Labor Code section 2810.5(a)(1)(A)-(C) on a company-wide basis.

27       114.    Defendants' failure to provide Plaintiff and class members with written notice

28   of basic information regarding their employment with Defendants is in violation of Labor

CLASS ACTION COMPLAINT

1    Code section 2810.5.

2        115.   As a result of the violations of California law herein described, Defendants

3    unlawfully gained an unfair advantage over other businesses. Plaintiff and class members

4    have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged

5    herein.

6        116.   Pursuant to California Business & Professions Code sections 17200 *et seq.*,

7    Plaintiff and class members are entitled to restitution of the wages withheld and retained by

8    Defendants during a period that commences four years prior to the filing of this complaint; a

9    permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

10    class members; and an award of attorneys' fees pursuant to California Code of Civil

11    Procedure section 1021.5 and other applicable laws; and an award of costs.

12                   **NINTH CAUSE OF ACTION**

13      **Violation of California Business & Professions Code §§ 17200, *et seq.* –**

14                  **Unfair Business Practices**

15                   **(Against all Defendants)**

16        117.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each

17    and every allegation set forth above.

18        118.   Defendants are a "person" as defined by California Business & Professions

19    Code sections 17201, as they are corporations, firms, partnerships, joint stock companies,

20    and/or associations.

21        119.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

22    and harmful to Plaintiff, class members, and to the general public. Plaintiff has suffered

23    injury in fact and has lost money as a result of Defendants' unfair business practices.

24    Plaintiff seeks to enforce important rights affecting the public interest within the meaning of

25    Code of Civil Procedure section 1021.5.

26        120.   Defendants' activities, namely Defendants' company-wide practice and/or

27    policy of not paying Plaintiff and class members all meal and rest period premium wages due

28    to them under Labor Code section 226.7, deprived Plaintiff and class members of the

1   compensation guarantee and enhanced enforcement implemented by section 226.7. The

2   statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to

3   compensate employees, and secondarily to shape employer conduct. *Safeway, Inc. v.*

4   *Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015). The statutory benefits of section 226.7

5   were guaranteed to Plaintiff and class members as part of their employment with Defendants,

6   and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an

7   unfair business practice in violation of California Business & Professions Code sections

8   17200, *et seq.* (Id.)

9       121.   A violation of California Business & Professions Code sections 17200, *et seq.*

10   may be predicated on any unfair business practice. In the instant case, Defendants' policies

11   and practices have violated the spirit of California's meal and rest break laws and constitute

12   acts against the public policy behind these laws.

13      122.   Pursuant to California Business & Professions Code sections 17200 *et seq.*,

14   Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory

15   benefits implemented by section 226.7 withheld and retained by Defendants during a period

16   that commences four years prior to the filing of this complaint; a permanent injunction

17   requiring Defendants to pay all statutory benefits implemented by section 226.7 due to

18   Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil

19   Procedure section 1021.5 and other applicable laws; and an award of costs.

20                    **REQUEST FOR JURY TRIAL**

21      Plaintiff requests a trial by jury.

22                    **PRAYER FOR RELIEF**

23      Plaintiff, on behalf of all others similarly situated, prays for relief and judgment

24   against Defendants, jointly and severally, as follows:

25      1.   For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

26   excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs. Plaintiff

27   reserves the right to amend his prayer for relief to seek a different amount.

28

**Class Certification**

2.     That this case be certified as a class action;

3.     That Plaintiff be appointed as the representative of the Class and subclass;

4.     That counsel for Plaintiff be appointed as class counsel.

**As to the First Cause of Action**

5.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and class members;

6.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due, or as otherwise provided by law;

8.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 by willfully failing to pay minimum wages to Plaintiff and class members;

11.     For general unpaid wages and such general and special damages as may be appropriate;

12.     For pre-judgment interest on any unpaid compensation from the date such amounts were due, or as otherwise provided by law;

13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14.     For liquidated damages pursuant to California Labor Code section 1194.2; and

15.     For such other and further relief as the Court may deem equitable and

Page 31

CLASS ACTION COMPLAINT

1    appropriate.

2                        **As to the Third Cause of Action**

3          16.    That the Court declare, adjudge, and decree that Defendants violated California

4    Labor Code sections 226.7, 512(a), and 1198 and applicable IWC Wage Order(s) by willfully

5    failing to provide all meal periods to Plaintiff and class members;

6          17.    That the Court make an award to the Plaintiff and class members of one (1)

7    hour of pay at each employee's regular rate of pay for each workday that a meal period was

8    not provided;

9          18.    For all actual, consequential, and incidental losses and damages, according to

10   proof;

11         19.    For premiums pursuant to California Labor Code section 226.7(b);

12         20.    For pre-judgment interest on any unpaid meal period premiums from the date

13   such amounts were due, or as otherwise provided by law;

14         21.    For attorneys' fees pursuant to California Code of Civil Procedure section

15   1021.5, or as otherwise provided by law; and

16         22.    For such other and further relief as the Court may deem equitable and

17   appropriate.

18                        **As to the Fourth Cause of Action**

19         23.    That the Court declare, adjudge and decree that Defendants violated California

20   Labor Code sections 226.7 and 1198 and applicable IWC Wage Orders by willfully failing to

21   provide all rest periods to Plaintiff and class members;

22         24.    That the Court make an award to the Plaintiff and class members of one (1) hour

23   of pay at each employee's regular rate of pay for each workday that a rest period was not

24   provided;

25         25.    For all actual, consequential, and incidental losses and damages, according to

26   proof;

27         26.    For premiums pursuant to California Labor Code section 226.7(b);

28         27.    For pre-judgment interest on any unpaid rest period premiums from the date

CLASS ACTION COMPLAINT

1    such amounts were due, or as otherwise provided by law;

2         28.    For attorneys' fees pursuant to California Code of Civil Procedure section

3    1021.5, or as otherwise provided by law; and

4         29.    For such other and further relief as the Court may deem equitable and

5    appropriate.

6    **As to the Fifth Cause of Action**

7         30.    That the Court declare, adjudge and decree that Defendants violated the

8    recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage

9    Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized

10    wage statements thereto;

11         31.    For all actual, consequential and incidental losses and damages, according to

12    proof;

13         32.    For injunctive relief pursuant to California Labor Code section 226(h);

14         33.    For statutory penalties pursuant to California Labor Code section 226(e);

15         34.    For attorneys' fees and costs pursuant to California Labor Code section

16    226(e)(1); and

17         35.    For such other and further relief as the Court may deem equitable and

18    appropriate.

19    **As to the Sixth Cause of Action**

20         36.    That the Court declare, adjudge and decree that Defendants violated California

21    Labor Code sections 201, 202, and 203 by willfully failing to pay overtime wages, minimum

22    wages, and meal and rest period premiums owed at the time of termination of the

23    employment of Plaintiff and other terminated class members;

24         37.    For all actual, consequential and incidental losses and damages, according to

25    proof;

26         38.    For waiting time penalties according to proof pursuant to California Labor

27    Code section 203 for all employees who have left Defendants' employ;

28         39.    For pre-judgment interest on any unpaid wages from the date such amounts

Page 33

1     were due, or as otherwise provided by law;

2          40.     For attorneys' fees pursuant to California Code of Civil Procedure section

3     1021.5, or as otherwise provided by law; and

4          41.     For such other and further relief as the Court may deem equitable and

5     appropriate.

6                          **As to the Seventh Cause of Action**

7          42.     That the Court declare, adjudge and decree that Defendants violated California

8     Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-

9     related expenses and costs incurred by Plaintiff and class members;

10         43.     For unpaid business-related expenses and such general and special damages as

11    may be appropriate;

12         44.     For pre-judgment interest on any unpaid business-related expenses from the

13    date such amounts were due, or as otherwise provided by law;

14         45.     For all actual, consequential, and incidental losses and damages, according to

15    proof;

16         46.     For attorneys' fees and costs pursuant to California Labor Code section

17    2802(c), or as otherwise provided by law; and

18         47.     For such other and further relief as the Court may deem equitable and

19    appropriate.

20                          **As to the Eighth Cause of Action**

21         48.     That the Court declare, adjudge and decree that Defendants conduct of failing

22    to provide Plaintiff and class members all overtime wages due to them, failing to provide

23    Plaintiff and class members all minimum wages due to them, failing to provide Plaintiff and

24    class members all meal and rest periods, failing to provide Plaintiff and class members

25    accurate and complete wage statements, failing to maintain accurate payroll records for

26    Plaintiff and class members, failing timely to pay Plaintiff and class members all earned

27    wages during employment, failing to reimburse Plaintiff and class members for the costs of

28    mandatory pre-employment physicals and drug testing, and failing to provide written notice

of information material to employment, constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

49.     For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

50.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

51.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

52.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Ninth Cause of Action

53.     That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

54.     For restitution of the statutory benefits under section 226.7 unfairly withheld from Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

55.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

56.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57.     For pre-judgment and post-judgment interest as provided by law; and

58.     For such other and further relief as the Court may deem equitable and

1   appropriate.

2
    Dated:  August 23, 2017                    Respectfully submitted,
3
                                               Capstone Law APC
4

5

6                                              By:
                                               Robert Drexler
7                                              Jonathan Lee
                                               Natalie Torbati
8
                                               Attorneys for Plaintiff Alfred Johnson
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

COPY 

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CIVDS 1716405

Alfred Johnson

CASE NO.: _____

vs.

**CERTIFICATE OF ASSIGNMENT**

Winco Foods, LLC, et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino
_____ District of the Superior Court under Rule 404 of this court for the checked reason:

■ General          ☐ Collection

RECEIVED
AUG 2 3 2017
SUPERIOR COURT
SAN BERNARDINO COUNTY

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district. |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Employment | |
| | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

The defendants conduct business within the district at WinCo Foods       15350 Roy Rogers Drive
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR          ADDRESS

Victorville                          California              92393
CITY                                 STATE                   ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on _____August 23, 2017_____ at _____Los Angeles_____, California

_____
Signature of Attorney/Party

## CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Robert Drexler (SBN 119119), Jonathan Lee (SBN 267146)
Jonathan LeNatalie Torbati (SBN 301663)
Capstone Law APC
1875 Century Park East, Suite 1000, Los Angeles, California 90067
TELEPHONE NO.: (310) 556-4811   FAX NO.: (310) 943-0396
ATTORNEY FOR (Name): Plaintiff Alfred Johnson

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG 2 3 2017

BY: _Sandra Ortega_
SANDRA ORTEGA, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, California 92415
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
Johnson v. Winco Food, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) · [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CIVDS 1716405 |
| | | JUDGE: |
| | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify):  Nine (9)
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 23, 2017

Jonathan Lee
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**