1 | Melissa Grant (SBN 205633)
Melissa.Grant@capstonelawyers.com
2 | Robert Drexler (SBN 119119)
Robert.Drexler@capstonelawyers.com
3 | Molly DeSario (SBN 230763)
Molly.DeSario@capstonelawyers.com
4 | Jonathan Lee (SBN 267146)
Jonathan.Lee@capstonelawyers.com
5 | Capstone Law APC
1875 Century Park East, Suite 1000
6 | Los Angeles, California 90067
Telephone:   (310) 556-4811
7 | Facsimile:   (310) 943-0396

8 | Attorneys for Plaintiff Alfred Johnson and the Class

9

10 | UNITED STATES DISTRICT COURT

11 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13 | ALFRED JOHNSON, individually, and on behalf of other members of the general public similarly situated,

14 | 

15 | Plaintiff,

16 | vs.

17 | WINCO FOODS, LLC, a Delaware limited liability company; WINCO HOLDINGS, INC., an Idaho corporation; and DOES 1 through 10, inclusive,

18 | 

19 | 

20 | Defendants.

Case No.: 5:17-cv-02288-DOC-(SHKx)

Hon. David O. Carter

**ORDER RE: JOINT STIPULATION TO DISMISS AND STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT** [177]

21

22

23

24

25

26

27

28

1          **ORDER**

2          Before the Court is the parties' Joint Stipulation to Dismiss and Strike

3   Portions of the First Amended Complaint.  For the reasons outlined in the Joint

4   Stipulation and for good cause appearing therein, the Joint Stipulation is

5   **GRANTED** as follows:

6          1.      The Court hereby dismisses, with prejudice, Plaintiff's individual

7   claims—with the exception of Plaintiff's class minimum wage claim, class

8   overtime claim, class expense reimbursement claim, and derivative wage

9   statement, waiting time, and unfair competition claims therefrom, that were

10  adjudicated in the Order Denying Plaintiff's Motion for Partial Summary

11  Judgment and Granting in part Defendant's Motion for Summary Judgment (i.e.

12  claims predicated on a Drug Testing theory of liability) (Dkt. No. 167).

13         2.      The Court strikes the following allegations from Plaintiff's First

14  Amended Complaint:

15             -   Paragraphs 28, and 61 through 68 (meal period claim).

16             -   The phrase "meal . . . premium" (paragraph 32); "meal . . . premium"

17                 (paragraph 33); "meal . . . premium" (paragraph 43(h);

18             -   Paragraphs 50 through 51, and 57 (off-the-clock claim for work while

19                 clocked out for meal periods).

20             -   Paragraph 81 and 84 (wage statement claim derivative of meal period

21                 premiums).

22             -   The phrase: "meal and" in paragraph 88, line 30:9; the phrase: "meal

23                 and" in paragraph 88, line 30:27; the phrase "meal periods and" in

24                 paragraph 88, line 31:3; and the phrase "meal and" in paragraph 88,

25                 line 31:4 (waiting time claim references to meal period premiums).

26             -   The sentence: "The failure to pay all overtime and minimum wages

27                 owed was willful because Defendants, through their supervisory

28                 employees, intentionally scheduled Plaintiff and class members for

the time worked during their shifts, intentionally instructed them to work while off-the-clock during meal periods, and intentionally did not include that time worked as compensable time, as opposed to any unintentional clerical errors." in paragraph 88, lines 30:15-21 (waiting time claim reference to off-the-clock claim for work while clocked out for meal periods).

- The phrase "meal and" from paragraph 101(c), line 34:7; and "512(a)" from paragraph 101(c), line 34:9 (unfair competition claim reference to meal period claim).

- Paragraphs 101(h) and 109 through 111 (unfair competition claim for the failure to provide written notice of information material to employment).

- The phrase "meal and" from paragraph 105, line 35:19; and the passage beginning "Further, wages paid by" and ending "5, 2016." from paragraph 105, lines 35:24-36:10 (unfair competition claim for the failure to pay wages owed during employment based on the failure to provide meal periods).

- Paragraphs 114 through 119 (unfair business practices claim based on failure to provide meal periods).

- Prayer for relief paragraphs 16 through 22 and 36 (striking "meal . . premiums"); 48 (striking "meal . . . periods") (meal period claim).

- Prayer for relief paragraphs 53 through 58 (unfair business practices claim based on failure to provide meal periods).

**IT IS SO ORDERED.**

Dated: __April 14, 2021__

*David O. Carter*
_____
Hon. David O. Carter
United States District Court Judge

ORDER